IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )  Criminal Action No. 23-00022-KD-B |
| | ) |
| RAIMUNDO CEDENO, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on the Motion to Dismiss the Indictment and Brief in Support filed by Defendant Andres Alvarado and the response filed by the United States (doc. 116, doc. 116-1, doc. 140, doc. 140-1).

I. Analysis

Alvarado argues that the Maritime Drug Law Enforcement Act (MDLEA) is unconstitutional as applied to him (doc. 116, p. 1-3).  In support, he cites United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). In that case, the defendants' unlighted and flagless vessel was observed by U.S. Coast Guard in Panamanian waters. The USCG notified Panamanian authorities and they pursued the vessel. The defendants abandoned the vessel and hid in the jungle until they were captured. Panama then consented to prosecution of the defendants in the United States.

The Court of Appeals for the Eleventh Circuit explained that

> The United States argues that the Maritime Drug Law Enforcement Act, as applied to the defendants, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses

>against the law of nations. See United States v. Smith, 18 U.S. (5 Wheat.) 153, 158–59, 5 L.Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, United States v. Furlong, 18 U.S. (5 Wheat.) 184, 198, 5 L.Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, see U.S. Const., Art. I, § 8, cl. 10.

Bellaizac-Hurtado, 700 F.3d at 1248–49.

Since the stateless vessel was in the territorial waters of Panama,

>[t]he United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking *in the territorial waters of Panama.* The question whether Congress has the power under the Offences Clause to proscribe drug trafficking *in the territorial waters of another nation* is an issue of first impression in our Court.

Bellaizac-Hurtado, 700 F.3d at 1248–49 (emphasis added).

The Eleventh Circuit then explained "why the power of Congress to define and punish conduct under the Offences Clause is limited by customary international law" and then explained "why drug trafficking is not a violation of customary international law and, as a result, falls outside of the power of Congress under the Offences Clause." Id. at 1249, 1249-1258.

Ultimately, the Eleventh Circuit found that

>[b]ecause drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, *when it proscribed the defendants' conduct in the territorial waters of Panama.*

Bellaizac-Hurtado, 700 F.3d at 1258 (emphasis added).

Relevant to this motion, the Eleventh Circuit also found that

>…we need not decide whether international law would permit the exercise of prescriptive jurisdiction by the United States over a stateless vessel in territorial waters when, as here, the sovereign of those waters has consented to that jurisdiction.

Bellaizac-Hurtado, 700 F.3d at 1258.

> Alvarado argues that
>
> Bellaizac-Hurtado stands for the proposition that jurisdiction under the MDLEA cannot be conferred to the United States under a waiver theory if the vessel is operating within territorial waters. To the extent that the vessel upon which the Defendant was arrested was actually in the territorial waters of Venezuela or Trinidad and Tobago, Bellaizac-Hurtado precludes jurisdiction in the United States of a crime committed in the territorial waters of a nation based on a waiver of jurisdiction. It follows logically that jurisdiction should not be conferred to the United States via waiver of jurisdiction of a vessel whose nationality is confirmed by a foreign nation.

(Doc. 116, p. 2).

Alvarado appears mistaken as to what proposition Bellaizac-Hurtado stands. The Eleventh Circuit specifically stated that it "need not decide whether international law would permit the exercise of prescriptive jurisdiction by the United States over a stateless vessel in territorial waters when, as here, the sovereign of those waters has consented to that jurisdiction." Bellaizac-Hurtado, 700 F.3d at 1258. Thus, Alvarado's argument that "jurisdiction should not be conferred to the United States via waiver of jurisdiction" by Trinidad and Tobago over a vessel with confirmed nationality in Trinidad and Tobago, does not follow logically. Additionally, in this action, the United States contends that defendants were aboard a covered vessel[1] in international waters off the Coast of Venezuela and not in the territorial waters of any state (doc. 10, p. 3-4), doc. 140-1, GPS Map; doc. 116-1, United States Coast Guard Certification for the Maritime Drug Law Enforcement Act). As such there is least an issue of fact regarding jurisdiction which precludes dismissal. In the co-defendant plea hearings, the Court has found based on the

---

[1] "(1) In general. In this chapter, the term "vessel subject to the jurisdiction of the United States" includes - . . . (C) a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. § 70502(c)(1)(C).

United States' evidence that the vessel was located 25 nautical miles off the coast of Venezuela. If Alvarado has evidence to contradict this finding, then such should be submitted to the Court forthwith.

Alvarado also adopts the arguments raised by co-defendant Raimundo Cedeno in his Motion to Dismiss the Indictment (doc. 116, p. 3; doc. 98). Cedeno argued that the indictment should be dismissed because the MDLEA is unconstitutional on its face and as applied to him. In response, the United States adopts its response to Cedeno's motion (doc. 140, p. 5; doc. 109).

Accordingly, upon consideration, and for reasons set forth herein, and for the reasons set forth in the United States' response (doc. 109), which the Court adopts and incorporates as the rationale for its decision, Alvarado's Motion is DENIED.

**DONE** and **ORDERED** this 4th day of May 2023.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**